UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WELLMAN, INC.,

        Plaintiff,

v.                                                Case No. 05-C-1263

TEIJIN LIMITED, et al.,

        Defendants.

**DECISION AND ORDER**

Plaintiff Wellman, Inc. has filed a motion to dismiss the defendants' eighth counterclaim. Wellman has also filed a motion to strike Teijin's affirmative defenses of inequitable conduct. Both motions will be granted, as set forth below.

**1. Motion to Dismiss Teijin's Eighth Counterclaim**

The eighth counterclaim asserts that Wellman's present attempts to enforce its '183 patent (i.e., its amended complaint) constitute bad faith or "sham" litigation in an attempt to monopolize and restrain trade in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2. (Answer at 11.) In essence, the counterclaim launches a lawsuit about a lawsuit. The basis of the counterclaim is that the '183 patent expired on April 23, 2000, and Wellman therefore lacks the ability to *presently* enforce it, i.e., to obtain injunctive relief or to obtain damages from Teijin's current use of the patent, all of which the complaint seeks. Thus, in Teijin's view, Wellman's attempts to enforce the expired patent constitute an attempt to restrain trade in violation of the Sherman Act.

It is true that the amended complaint does use the present tense in seeking to enforce the '183 patent, which could be (and evidently *was*) construed as an improper attempt to enforce an expired patent. Yet Wellman's reply brief indicates this was simply an error, as the pleading uses the same verbiage with respect to each of three patents at issue, two of which remain and are not expired.[1] It argues, quite sensibly, that "inclusion of an improper verb tense as to part of the term of one of three patents asserted in an otherwise viable suit for patent infringement does not provide a basis for an antitrust counterclaim predicted on 'sham' litigation." (Reply Br. at 4-5.) Thus, it appears as though Wellman is withdrawing any portion of its complaint that could be construed in this fashion. Accordingly, because the original claim itself was never intended as such, and because it has now been withdrawn, it seems fruitless to turn a typo into the basis of an antitrust case. The motion to dismiss counterclaim eight will therefore be granted, and any portions of the amended complaint seeking present or prospective relief based on the '183 patent are hereby stricken, as are any portions of the complaint seeking damages for use of the '183 patent outside of the six-year limitations period.

**2. Motion to Strike**

Wellman has also filed a motion to strike Teijin's affirmative defenses of inequitable conduct, asserting that Teijin has failed to meet the heightened pleading standards required for such claims. *See Magarl, L.L.C. v. Crane Co.,* 2004 WL 2750252, *12 (S. D. Ind. 2004) ("A majority of courts have concluded that claims and defenses of inequitable conduct before the U.S. Patent and Trademark Office based on fraud must be pled with particularity and are subject to the heightened

---

[1] The amended complaint repeatedly alleges that the defendants "are and have been infringing" each of the patents.

pleading requirements of Rule 9(b).") The heightened pleading standard arises from the fact that inequitable conduct is something of a euphemism for fraud on the PTO. *Burlington Industries, Inc. v. Dayco Corp.,* 849 F.2d 1418, 1422 (Fed. Cir. 1988) ("The charge was formerly known as 'fraud on the Patent Office,' a more pejorative term, but the change of name does not make the thing itself smell any sweeter.")

The tenth, eleventh and twelfth affirmative defenses read as follows: "Each claim of the [ ] patent is unenforceable because of inequitable conduct before the United States Patent and Trademark Office ("PTO") during the prosecution of the application that ultimately issued as the [ ] patent." (Answer at 6-7.) Thus, there is no doubt that these bare-bones statements do not meet Rule 9(b). Teijin concedes the point but argues instead that the Rule 9(b) pleading standards are only applicable to claims and counterclaims, not to affirmative defenses. It asserts that it is merely putting Wellman on notice that it will be seeking discovery on inequitable conduct issues, and that such notice is all the rules of pleading require. It also asserts that motions to strike are unfavorably received in federal courts.

First, if it is true that motions to strike are disfavored, the same is equally true of the charge of inequitable conduct:

> [T]he habit of charging inequitable conduct in almost every major patent case has become an absolute plague. Reputable lawyers seem to feel compelled to make the charge against other reputable lawyers on the slenderest grounds, to represent their client's interests adequately, perhaps. They get anywhere with the accusation in but a small percentage of the cases, but such charges are not inconsequential on that account. They destroy the respect for one another's integrity, for being fellow members of an honorable profession, that used to make the bar a valuable help to the courts in making a sound disposition of their cases, and to sustain the good name of the bar itself. A patent litigant should be made to feel, therefore, that an unsupported charge of "inequitable conduct in the Patent Office" is a negative contribution to the rightful administration of justice.

*Burlington Industries,* 849 F.2d at 1422.

3

More importantly, the rules of pleading make no distinction, at least as far as Rule 9(b) is concerned, between affirmative defenses and counterclaims: the Rule applies to "*all* averments of fraud or mistake." Fed. R. Civ. P. 9(b) (italics added). Thus, it is not as though an affirmative defense is a "counterclaim-light" that can skirt the rule's otherwise strict pleading requirements. Indeed, were the defendants' position accurate, the affirmative defense of "inequitable conduct" would simply be boilerplate in any answer and would justify a patent defendant from raising the issue in every case–exactly the "plague" the Federal Circuit excoriated nearly twenty years ago. Accordingly, because the defenses of inequitable conduct are not pled with particularity, they are ordered stricken from the defendants' answer.

**3. Conclusion**

The motion to dismiss counterclaim eight is granted, with the understanding that any portions of the amended complaint seeking impermissible relief based on the '183 patent are also stricken. The motion to strike affirmative defenses ten, eleven and twelve is granted.

**SO ORDERED** this   4th   day of August, 2006.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge