IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

WELLMAN, INC.,

    Plaintiff,

v.                                                                                                        Case No. 05-C-1263

TEIJIN LIMITED, TEIJIN LTD.,
TEIJIN POLYESTER (Thailand)
LIMITED, and TEIJIN (THAILAND) LIMITED,

    Defendants.

## PROTECTIVE ORDER

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby **ORDERED THAT**:

### INFORMATION SUBJECT TO THIS ORDER

1. For purposes of this Protective Order ("Order"), **"PROTECTED INFORMATION"** shall mean all information or material which is produced for or disclosed, either through the formal discovery process or informally, to a receiving party; which a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain trade secrets or other confidential

research, development, or commercial or other information, whether embodied in physical objects, documents, or the factual knowledge of persons; and which has been so designated by the producing party. Any **PROTECTED INFORMATION** obtained by any party from any person pursuant to discovery in this litigation or otherwise may be used only for purposes of preparation and litigation of this matter, and may not be used for any other purpose, including but not limited to use in other litigation, use for business purposes, or use for patent prosecution or for providing strategic patent prosecution advice. As used herein, the term **"PROTECTED INFORMATION"** shall include information designated as **"CONFIDENTIAL"** and **"RESTRICTED – ATTORNEYS/EXPERTS EYES ONLY."**

2. Any document or tangible thing containing or including any **PROTECTED INFORMATION** may be designated as such by the producing party by marking it **"CONFIDENTIAL"** prior to or at the time copies are furnished to the receiving party. Information meeting the criteria in Paragraph 15 for the **RESTRICTED – ATTORNEYS/EXPERTS EYES ONLY** designation may likewise be so marked.

3. At the request of any party, the original and all copies of any deposition transcript shall be marked **"CONFIDENTIAL"** or "**RESTRICTED – ATTORNEYS/EXPERTS EYES ONLY**" by the reporter, and shall thereafter be treated in accordance with the terms of this Order.

4. All **PROTECTED INFORMATION** not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in Paragraph 2, shall be designated by informing the receiving party of the designation in writing. To the extent the receiving party subsequently generates copies of this information, whether electronic or hard-copy, it shall mark such copies with the appropriate confidentiality designations. When documents are produced in

electronic form, the producing party shall include the confidentiality designation on the medium containing the documents. In the event that the receiving party prints documents from such medium, the receiving party shall mark each such page of such documents with the appropriate designation.

    5. Any documents (including physical objects) made available for initial inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute **RESTRICTED – ATTORNEYS/EXPERTS EYES ONLY** information and shall be subject to this Order. Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents as **CONFIDENTIAL** or **RESTRICTED – ATTORNEYS/EXPERTS EYES ONLY** prior to furnishing copies to the receiving party.

    6. The following information is not **PROTECTED INFORMATION**:

    a) any information which at the time of disclosure to a receiving party is lawfully in the public domain;

    b) any information which after disclosure to a receiving party lawfully becomes part of the public domain as a result of publication not involving a violation of this Order;

    c) any information which a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and

    d) any information which a receiving party can show was independently developed by it after the time of disclosure by personnel who have not had access to the producing party's **PROTECTED INFORMATION**.

## NO WAIVER OF PRIVILEGE

7. Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, as soon as reasonably possible after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests return of such documents to the producing party. Upon request by the producing party, the receiving party shall immediately return all copies of such inadvertently produced document(s), without making any further use of such documents(s), and shall immediately destroy any notes or other writings that summarize, reflect or discuss the privileged or protected content of such document(s). Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

## DISCOVERY AND EVIDENCE RULES REMAIN UNCHANGED

8.

    a) Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition

or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Eastern District of Wisconsin (cited as "Local Rules"), and any Orders or Rules promulgated by the Court in the above-captioned case. Nothing in this Order shall be construed to require a party to produce or disclose information not otherwise required to be produced under the applicable rules or orders of this Court. Any party is free to use its own **PROTECTED INFORMATION** for any purpose, and no use by the producing party shall affect or otherwise act as a waiver with respect to the confidential status of that information.

b) This Protective Order shall not operate as a waiver of the rights of any party to withhold any documents, things, responses or testimony from disclosure on the basis of relevance or privilege. This Protective Order shall not prejudice or affect any party's right to object to the authenticity or admissibility of any evidence at the time of trial.

c) Nothing in this Protective Order shall be interpreted as a limitation on any party's right or privilege (whether by comity, treaty or otherwise) to obtain discovery under any rules, regulations or protocol that may exist or be adopted or accepted by any judge or judicial authority of a foreign country from an individual or other entity residing or located in that foreign country. Additionally, nothing in this Protective Order shall be interpreted as requiring any party to obtain any discovery from an individual or entity residing or located

5

in a foreign country solely under any rules, regulations or protocol that may exist or be adopted or accepted by any judge or judicial authority of that country. In the event that depositions of foreign individuals or entities are taken in a foreign country, the parties agree to fully cooperate to promptly inform the necessary judge or judicial authority of the proper interpretation of this Protective Order and remain available for subsequent clarification. The parties' obligations may include, but are not limited to, the transmittal of appropriate letters and availability for teleconference or videoconference, if necessary.

## PERSONS AUTHORIZED TO RECEIVE PROTECTED INFORMATION

### Counsel

9. Subject to the provisions of paragraphs 15 and 17, Counsel for a receiving party shall have access to the producing party's **PROTECTED INFORMATION**. The term "counsel" shall mean outside attorneys for the parties working on this litigation, and including supporting personnel employed by the attorneys, such as technical advisers, paralegals, legal translators, legal secretary, legal clerks and shorthand reporters, or independent legal translators retained to translate in connection with this action, or independent shorthand reporters retained to record and transcribe testimony in connection with this action.

### Technical Advisers

10. **PROTECTED INFORMATION** of a producing party, and such copies as are reasonably necessary for maintaining, defending or evaluating this litigation, may be furnished and disclosed to technical advisers, subject to the requirements of Paragraphs 11. The term "technical

6

adviser" shall mean any outside person and their engineering, technical, accounting, or financial support personnel, including, but not limited to, a proposed expert witness or consultant with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof. Technical advisors shall not be present or past employees, officers or directors of either party or any past or present subsidiary, parent or sister corporation of either party and shall not have any financial interest in the outcome of the litigation.

      11. Technical advisors need not be disclosed to either party's adversary except as provided in the Federal Rules of Civil Procedure. However, at least five (5) days before disclosing **PROTECTED INFORMATION** to a technical advisor, the party seeking to make the disclosure shall identify the technical advisor to its adversary. Upon objection to the disclosure of **PROTECTED INFORMATION** to any such person(s) a party may bring the discovery dispute to the Court's attention as provided by Rule 37 of the Federal Rules of Civil Procedure and Civil Local Rule 26.4 within five (5) business days after the objection is received by the adverse party. No party shall object to any technical advisor without good cause. No **PROTECTED INFORMATION** shall be disclosed to the proposed technical advisor until the objection is resolved by the parties or the Court. No document designated by a producing party as **PROTECTED INFORMATION** shall be disclosed by a receiving party to a technical adviser until after the individual has signed the Confidentiality Agreement appended hereto as Attachment A stating that he or she has read and understands this Order and agrees to be bound by its terms. This signed Confidentiality Agreement shall be maintained by the receiving party throughout the course of this litigation.

7

Case 1:05-cv-01263-WCG   Filed 11/06/06   Page 7 of 18   Document 46

**Employees of Parties**

12. Subject to the requirements set forth in this Order, including those of Paragraphs 9-10, 13, 15, and 17, **CONFIDENTIAL** information of a producing party, and such copies as are reasonably necessary for maintaining, defending or evaluating this litigation, may be furnished and disclosed by counsel for a receiving party, to two (2) individuals who are employees of such receiving party and who are involved with maintaining, defending or evaluating this litigation. This Paragraph does not permit any **RESTRICTED – ATTORNEYS/EXPERTS EYES ONLY** information to be shown to an employee of a receiving party, and no such information may be shared with any employee of a receiving party.

13. Should counsel for a receiving party find it necessary for maintaining, defending or evaluating this litigation to disclose a producing party's **CONFIDENTIAL** information to an employee identified in Paragraph 12, at least five (5) days before disclosing **CONFIDENTIAL** information to an employee, the receiving party shall give written notice to the producing party that it desires to disclose such information to an employee, and must provide to the producing party the name and title of each employee. Such Confidentiality Agreements shall be maintained by the receiving party throughout the course of this litigation. Upon objection to the disclosure of CONFIDENTIAL information to any such employee(s), a party may bring the discovery dispute to the Court's attention as provided by Rule 37 of the Federal Rules of Civil Procedure and Civil Local Rule 26.4 within five (5) business days after the objection is received by the adverse party. No **CONFIDENTIAL** information shall be provided to the objectionable employee until after resolution of the objection either by the parties or by the Court.

**Data Processing Vendors and Graphics/Trial Consultants**

14. Subject to the requirements set forth in this Order, including those of Paragraphs 9-10, 15, and 17, **PROTECTED INFORMATION** of a producing party, and such copies as are reasonably necessary for maintaining, defending or evaluating this litigation, may be furnished and disclosed to data processing vendors; graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; or non-technical jury or trial consulting services, including mock jurors, or other counsel retained by the client or by counsel who have not entered an appearance in the lawsuit. The term "data processing vendor" means any person (and supporting personnel) who is a member or staff of an outside data entry or data processing entity employed or retained by a receiving party or its counsel and who is assisting in the development or use of data retrieval systems in connection with this action. All non-technical jury or trial-consulting services, including mock jurors, must sign a Confidentiality Agreement, in the form appended hereto as Attachment A, prior to receiving any **PROTECTED INFORMATION**. Such written agreement shall be retained by counsel for the receiving party making such disclosures.

**INFORMATION DESIGNATED AS RESTRICTED – ATTORNEYS/EXPERTS EYES ONLY**

15. **CONFIDENTIAL** information may be additionally designated **RESTRICTED – ATTORNEYS/EXPERTS EYES ONLY**. The **RESTRICTED – ATTORNEYS/EXPERTS EYES ONLY** designation is reserved for information that constitutes trade secrets, research and development, proprietary financial, technical, or commercially-sensitive competitive information that the producing party maintains as highly confidential in its business, including information

9

obtained from a nonparty pursuant to an applicable Nondisclosure Agreement ("NDA"), information relating to future products not yet commercially released, strategic plans, code, highly sensitive technical or scientific information describing the accused instrumentalities (such as source code), other scientific or technical information relating to the parties' business, technical documents, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party. Documents designated **RESTRICTED – ATTORNEYS/EXPERTS EYES ONLY**, and the contents thereof, shall be available only to counsel for the parties, the technical advisers who are assisting them, data processing vendors, graphics and trial consultants, and other retained counsel. Such **RESTRICTED – ATTORNEYS/EXPERTS EYES ONLY** information shall be subject to the provisions of paragraph 17.

## PROSECUTION BAR

16. Some scientific or technical **RESTRICTED-ATTORNEYS/EXPERTS EYES ONLY** information may be further labeled **"PROSECUTION BAR."**

17. Any person who receives **PROSECUTION BAR** information shall not be substantively involved in the preparation or prosecution of any application for a patent on behalf of any party to this action (or any entity in privity with such party) relating to polyester filament products or methods of manufacturing or processing polyester filaments (including but not limited to any application claiming priority to or otherwise related to the patent asserted in this action) from the time of receipt of such information through and including one (1) year following the complete termination of this action by either entry of a final, non-appealable judgment or order, the complete settlement of all claims against all parties in this action, or any other means. "Substantively

involved" excludes clerical or ministerial duties such as docketing entries, payment of fees and the like with any Patent Office, including but not limited to the United States Patent and Trademark Office and the Japanese and Thai Patent Offices. The restrictions of this paragraph are personal to the person receiving such **PROSECUTION BAR** information and shall not be imputed to any other person or entity.

18. Neither this paragraph nor anything else in this Protective Order is intended to withdraw or limit the use of any knowledge or information that is or becomes publicly available through no fault of any attorney, patent agent or other person to whom the order applies. If any information subject to a **PROSECUTION BAR** limitation has become or becomes accessible to the public through no fault of any attorney, patent agent or other person, then the obligations imposed by this paragraph as to such documents or information shall be or become null and void.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

19. The parties will use reasonable care when designating documents or information as **PROTECTED INFORMATION**. Nothing in this Order shall prevent a receiving party from contending that any or all documents or information designated as **PROTECTED INFORMATION** have been improperly designated. A receiving party may at any time request that the producing party cancel or modify the confidentiality designation with respect to any document or information contained therein.

20. A party shall not be obligated to challenge the propriety of a **PROTECTED INFORMATION** designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party

contends should be designated differently. The parties shall use their best efforts to promptly and informally resolve such disputes. If agreement cannot be reached, the receiving party shall request that the Court cancel or modify a **PROTECTED INFORMATION** designation. Until such a dispute is resolved, either by the parties or by direction of the Court, the receiving party shall continue to treat the information at issue consistent with its current confidentiality designation under this Order.

## LIMITATIONS ON THE USE OF PROTECTED INFORMATION

21. **PROTECTED INFORMATION** shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, and shall not be used for any business purpose or patent prosecution purpose as outlined in paragraphs 15 and 17. Such information shall also not be disclosed to any person who is not entitled to receive such information as herein provided. All produced **PROTECTED INFORMATION** shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. However, nothing in this Order shall prevent any court reporter, videographer, mediator or their employees, or the Court, any employee of the Court or any juror from reviewing any evidence in this case for the purpose of these proceedings.

22. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all **PROTECTED INFORMATION** of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

a) A present director, officer, and/or employee of a producing party may be examined and may testify concerning all **PROTECTED INFORMATION** which has been produced by that party;

b) A former director, officer, agent and/or employee of a producing party may be interviewed, examined and may testify concerning any **PROTECTED INFORMATION** that has been produced by that party and (*i*) refers to matters of which the witness had personal knowledge or (*ii*) which pertains to the period or periods of his or her employment; and

c) Non-parties may be examined or testify concerning any document containing **PROTECTED INFORMATION** of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party, or a representative of such producing party.

d) For the purpose of Paragraph 22 (including all subparts) and with respect to the Teijin Defendants, the phrase "that party" means that all three Defendants will be treated as one entity such that a present or former director, officer, agent and/or employee of one of the Teijin Defendants may be examined and may testify concerning all **PROTECTED INFORMATION** which has been produced by any of the Teijin Defendants.

23. All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as **PROTECTED INFORMATION** or which contain information so designated, shall be filed in accordance with the

13

local rules. Any paper copies served shall be in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this matter, an indication of the nature of the contents of such sealed envelope or other container, the words **"RESTRICTED – ATTORNEYS/EXPERTS EYES ONLY"** or **"CONFIDENTIAL" "-UNDER PROTECTIVE ORDER"** and a statement substantially in the following form:

> This envelope contains confidential information filed in this case by (name of party) and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court presiding over this matter.

24. Nothing in this Order shall prohibit the transmission or communication of **PROTECTED INFORMATION** between or among qualified recipients

   a) by hand-delivery;

   b) in sealed envelopes or containers via the mails or an established freight, delivery, or messenger service; or

   c) by telephone, telegraph, facsimile or other electronic transmission system, where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

### NONPARTY USE OF THIS PROTECTIVE ORDER

25. A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Order as any party to this lawsuit, provided that such nonparty complies with the provisions of this Order.

14

26. A nonparty's use of this Order to protect its **PROTECTED INFORMATION** does not entitle that nonparty access to **PROTECTED INFORMATION** produced by any party in this case.

## MISCELLANEOUS PROVISIONS

27. Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the attorney of record for the party against whom such waiver will be effective.

28. Within sixty (60) days after this action is terminated, either by the entry of a final, non-appealable judgment or order, the complete settlement of all claims asserted against all parties in this action, or by other means, each party shall, at its option, either return to the producing party or destroy all physical objects and documents identified as **PROTECTED INFORMATION** which were received from the producing party. Notwithstanding the foregoing, counsel shall be entitled to maintain copies of all notes, memoranda, and other work product materials, as well as pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto) trial transcripts, and exhibits offered or introduced into evidence at trial. Notwithstanding the provisions of this paragraph, outside counsel of record in this matter is not required to delete information that may reside on their respective firm's electronic disaster recovery systems which are over-written in the normal course of business. However, the outside firms who have appeared as counsel of record in this matter agree that no **PROTECTED INFORMATION** shall be retrieved from the electronic disaster recovery systems after the conclusion of the above-captioned matter.

29. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. The Court shall take appropriate measures to protect **PROTECTED INFORMATION** at trial and any hearing in this case.

30. The United States District Court for the Eastern District of Wisconsin, Green Bay Division, is responsible for the interpretation and enforcement of this Order. All disputes concerning **PROTECTED INFORMATION** produced under the protection of this Order shall be resolved by the United States District Court for the Eastern District of Wisconsin, Green Bay Division.

**IT IS SO ORDERED**, with the consent of the parties, this 2nd day of November, 2006.

    s/ William C. Griesbach
    Honorable William C. Griesbach
    United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

---

WELLMAN, INC.,

       Plaintiff,

  v.                                           Case No. 05-C-1263

TEIJIN LIMITED, TEIJIN LTD.,
TEIJIN POLYESTER (Thailand)
LIMITED, and TEIJIN (THAILAND) LIMITED,

       Defendants.

---

## CONFIDENTIALITY AGREEMENT

---

I, _____, state:

    1.    I reside at _____;

    2.    My present employer is _____;

    3.    My present occupation or job description is _____;

    4.    I agree to keep confidential all information provided to me in the matter of *Wellman, Inc. v. Teijin Limited, et al.*, and to be subject to the authority of the United States District Court for the Eastern District of Wisconsin, Green Bay Division, in the event of any violation of this agreement or dispute related to this agreement.

    5.    I have been informed of or read the Stipulated Protective Order dated _____ _____, 200\_\_, and I will not divulge any **PROTECTED INFORMATION** to persons other than those specifically authorized by said Order.

6. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____ 200\_\_.

_____

2